IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRIAN LEE CORBETT,

           Petitioner,

v.                                   CIVIL ACTION NO. 2:11-cv-00325
                                   (Criminal No. 2:10-cr-00015)

UNITED STATES OF AMERICA,

           Respondent.

**MEMORANDUM OPINION AND ORDER**

Movant Brian Lee Corbett, acting pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF 111] and a supporting affidavit (ECF 112). By Standing Order entered September 2, 2010, and filed in this case on May 10, 2011, this case was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation ("PF&R"). On October 24, 2011, Magistrate Judge Stanley issued a PF&R recommending that the Court deny Movant's motion (ECF 122).

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and Movant's right to appeal this Court's Order. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United*

*States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Stanley's PF&R were due on November 10, 2011. Movant filed a motion for an extension of time to file objections and filed timely objections on November 25, 2011.[1]

Movant's first specific objection is that, because he was not given notice and did not consent to the referral of his motion to the magistrate judge, the magistrate judge acted without jurisdiction when she issued the PF&R. Movant's argument plainly misconstrues 28 U.S.C. § 636 and governing law. Movant's motion was not referred for entry of *judgment* under Section 636(c)—a sub-section which requires Movant's consent—but rather for submission of proposed findings and recommendations for disposition under Section 636(b)(1). To the extent that Movant claims that referrals of habeas corpus cases to magistrate judges are not authorized under Section 636, he is misinformed. *See, e.g.*, *Bowman v. Bordenkircher,* 522 F.2d 209, 210 (4th Cir. 1975) (rejecting Bowman's contention that referral of his habeas corpus motion to a magistrate judge was an unconstitutional delegation of judicial power to a non-judicial officer; no judicial power was delegated to the magistrate judge where he was asked to do and did no more than judges' law clerks do and where the magistrate judge did not decide any substantive issue of law, but rather only recommended to the judge how the issues should be decided). Here, the magistrate judge did not decide any substantive issue, but rather merely issued her recommendations to this Court for disposition. Accordingly, the Court **OVERRULES** Movant's first objection.

Movant's second specific objection relates to his argument that his former counsel rendered constitutionally ineffective assistance of counsel by failing to file a notice of appeal of Movant's underlying conviction and sentence. Movant claims that the magistrate judge erred in making the factual finding that Movant's counsel filed the notice of appeal. (ECF 124 at 7.)

---

[1] The Court **GRANTS** Movant's motion for an extension of time to file objections [ECF 123].

Movant insists that this is "plainly wrong" and that it was Movant who filed pro se the notice of appeal. (*Id.*) The Court has examined the notice of appeal filed in Movant's criminal case. *See United States v. Brian Lee Corbett*, Case No. 2:10-cv-000015 (ECF 100) (S.D.W. Va. filed Nov. 22, 2010). It was plainly—and timely—filed by Movant's former counsel, Tim C. Carrico, and the notice also includes a certificate of service certifying service of the notice on opposing counsel. Accordingly, the Court **OVERRULES** Movant's objection.

For the foregoing reasons, the Court **GRANTS** Movant's motion for an extension of time to file objections [ECF 123], **OVERULES** Movant's objections, **ADOPTS** the PF&R (ECF 122), **DENIES** Movant's § 2255 motion [ECF 111], **DISMISSES** this case, and **DIRECTS** the Clerk to remove this action from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–83 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a), Movant may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. Accordingly, the Court

**DENIES** a certificate of appealability.

    **IT IS SO ORDERED.**

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    May 5, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE