IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**UNITED STATES OF AMERICA,**

v.  CRIMINAL ACTION No. 2:10-cr-00015-1

**BRIAN LEE CORBETT**

MEMORANDUM OPINION AND ORDER

Pending before the court is the United States of America's ("the government") Motion to Authorize Payment from Inmate Trust Account, filed on October 6, 2020 (ECF No. 163), seeking a court order directing the Bureau of Prisons ("BOP") to pay over funds in the defendant's inmate trust account to the Clerk of Court as payment of the defendant's outstanding restitution debt. Also pending are the defendant's pro se Letter-Form Motion to Remove Freeze on Inmate Account, filed by the Clerk on November 16, 2020 (ECF No. 168), and the defendant's pro se Letter-Form Motion to Appoint Counsel, filed by the Clerk on January 29, 2021 (ECF No. 175).

1

I. Background and Relevant Procedural History

The defendant is serving a 235-month sentence, to be followed by a five-year term of supervised release, upon his guilty plea to aggravated bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). The defendant was also ordered to pay a $100 special assessment and $27,529.66 in restitution, with interest waived. A Judgment to that effect was entered on November 8, 2010. See ECF No. 95.

The defendant's restitution payment was ordered to be "due immediately." Id. at 6. However, the sentencing judge further ordered that the defendant could pay quarterly installments of $25 towards his restitution obligation through the Inmate Financial Responsibility Program ("IFRP"), with payments increasing to $50 per month upon his release from custody. As of October 6, 2020, the defendant had paid $700 towards his monetary obligations and still owed $26,929.66 in restitution. However, the defendant has accumulated over $3,000.00 in his inmate trust account. The instant motion contends that the defendant's judgment serves as a lien on his property and that the government has a right to collect his property to satisfy his restitution debt pursuant to 18 U.S.C. §§ 3613(a) and (c).

The government further contends that the accumulated funds in the defendant's inmate account constitute "substantial resources" under 18 U.S.C. § 3664(n), which provides as follows:

> (n) If a person obligated to provide restitution . . . receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution . . . still owed.

18 U.S.C. § 3664(n).

The defendant's response to the motion, see ECF No. 165, asserts that he was current on his IFRP restitution payments as ordered by the court in his Judgment until the prison went on lockdown due to COVID-19 and he was not permitted to work a prison job. He further contends that the funds in his inmate account are being saved to provide him with resources when he is released from custody (which is not scheduled to occur until 2026). Thus, the defendant contends that it would be unfair for the government to take those funds. The defendant also filed a separate letter suggesting that the BOP has frozen his inmate account and that he is presently unable to make any commissary purchases, including over-the-counter medication and hygiene products. See ECF No. 164.

On November 5, 2020, the Court directed the defendant to

execute an Authorization to Release Institutional Account Information for an in camera review of his inmate account statement for the previous six months. See ECF No. 166. On November 16, 2020, the defendant provided an executed Authorization to Release Institutional Account Information and renewed his request for access to his inmate trust account. See ECF No. 167; ECF No. 168.

Thereafter, the Court obtained a copy of the defendant's inmate account information from the BOP, which it has held in camera. On January 19, 2021, the government filed a status report, see ECF No. 174, indicating that $3,108.19 is being held in encumbered status in the defendant's account pending a determination of whether the government is entitled to payment of such funds to satisfy Defendant's restitution debt.

## II. Discussion

A sentence imposing a restitution order is a final judgment that may not be modified absent one of several enumerated statutory exceptions. See 18 U.S.C. § 3664(o); United States v. Grant, 715 F.3d 552, 557 (4th Cir. 2013). Section 3664(n), earlier quoted, provides that a defendant's receipt of substantial funds during imprisonment triggers an automatic payment requirement. However, it is held that this automatic payment requirement is

4

triggered only if the defendant is under a current obligation to satisfy the judgment. See United States v. Roush, 452 F. Supp.2d 676, 682 (N.D. Tex. 2006) (barring the government from garnishing the defendant's bank account before any restitution was due on the ground that "there is presently nothing for the government to enforce"). The issue is whether there is a "current obligation" to pay. See United States v. Bratton-Bey, 564 F. App'x 28, 29-30 (4th Cir. 2014).

Courts have held that the "due immediately" language in a judgment makes the debt a "current obligation" that is fully enforceable despite a payment plan method. See United States v. Shusterman, 331 F. App'x 994, 997 & n.2 (3rd Cir. 2009); United States v. Rush, No. 5:14cr00023, 2016 WL 3951224 (W.D. Va. July 20, 2016). Inasmuch as the defendant's Judgment ordered that restitution was "due immediately," his restitution order constitutes a "current obligation" and a presently-enforceable lien on his assets, including his inmate account funds, and the alternative method of payment through installments in the IFRP does not preclude the government from enforcement and collection efforts under 18 U.S.C. §§ 3613 and 3664(n). See United States v. Hawkins, 392 F. Supp. 2d 757, 759 (W.D. Va. 2005); see also Shusterman, 331 F. App'x at 996-97 (district court did not err in

5

allowing garnishment as an additional means to collect the restitution judgment in excess of installment schedule in judgment); United States v. Ekong, 518 F.3d 285, 286 (5th Cir. 2007) (payment schedule does not preclude government from enforcing restitution order through other means) (other citations omitted).[1] Moreover, such collection efforts need not be made through a separate civil action; rather, the government may seek to enforce the restitution order by motion in the subject criminal case, as it has done here. See United States v. Scarboro, 352 F. Supp. 2d 714 (E.D. Va. 2005).

While BOP Program Statement 4500.11 appears to permit the voluntary designation of an inmate's income into a savings account through a "pre-release encumbrance" to provide an inmate with savings when they are released, such encumbrance is not mandatory, and those funds are not protected or exempted from collection efforts concerning criminal fines and restitution. The program statement further suggests that such debt payments should

---

[1] Conversely, other courts have rejected the government's attempts to garnish a defendant's funds in excess of the installment amount when the judgment did not make restitution due immediately and instead ordered restitution to be paid only according to a schedule. See United States v. Roush, 452 F. Supp. 2d 676 (N.D. Tex. 2006); United States v. Christ, No. 03 CR 1093-9, 2007 WL 3252612 (N.D. Ill. Oct. 31, 2007).

6

be made before the funds are so encumbered. Id., § 8.11, Management of Inmate Pre-Release Encumbrance, p. 74-75.

Courts in this circuit have authorized access to cash located in a defendant's inmate trust account to satisfy criminal obligations. See, e.g., United States v. Winebush, No. 1:10-cr-00185-01, 2020 WL 2507677, at *2 (S.D.W. Va. May 15, 2020); United States v. Kenney, No. 1:17-cr-00195-004, 2020 WL 1934967, at *3 (S.D.W. Va. Apr. 22, 2020); United States v. Hill, 2017 WL 2964016 (E.D.N.C. May 24, 2017), aff'd, 706 Fed. App'x 120 (4th Cir. 2017); United States v. Busack, 2016 WL 1559599 (N.D.W. Va. Apr. 18, 2016), aff'd, 670 Fed. App'x 810 (4th Cir. 2016). This court similarly concludes that an order authorizing the turnover of the defendant's inmate accumulated account funds to satisfy his restitution obligation is appropriate. The government has a valid lien on this property. Further, because the property at issue is cash, it does not fall within any exemption that a defendant may claim in a criminal case. See 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). Accordingly, the defendant cannot properly claim that the funds held in his inmate trust account are exempt from payment of his outstanding restitution obligation.

It is hereby ORDERED that the government's Motion to

7

Authorize Payment from Inmate Trust Account (ECF No. 163) be, and hereby it is, granted, with one limitation:  the BOP is to turn over, to the Clerk of Court, $2,808.19 (that is, all encumbered funds in the defendant's inmate trust account, less $300).  This will enable the defendant to have some available funds in his inmate account to make purchases while incarcerated and to continue to pay his quarterly criminal assessments.  Furthermore, this Order granting the government's motion does not constitute a change in the payment terms set by this court at the defendant's sentencing.  The defendant is still required to pay the remainder of his restitution obligation at a minimum of $25 per quarter while he remains incarcerated, and at a minimum of $50 per month following his release from custody.  The only change that has been made is that his restitution obligation is now reduced by the $2,808.19 taken from his inmate trust account and paid toward his restitution obligation pursuant to 18 U.S.C. § 3664(n).

The court notes that the defendant has no constitutional right to counsel in post-conviction proceedings. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987), and, although the court has discretion to appoint counsel to a financially eligible person when appointment would be "in the interests of justice," 18 U.S.C. § 3006A(a)(2)(B), the court concludes, in light of the above

8

discussion, that appointment of counsel is unnecessary and not in the interests of justice. Accordingly, it is ORDERED that the defendant's Letter-Form Motion to Appoint Counsel (ECF No. 175) be, and hereby it is, denied.

It is further ORDERED that the defendant's Letter-Form Motion to Remove Freeze on Inmate Account (ECF No. 168) be, and hereby it is, denied as moot.

The Clerk is directed to transmit copies of this memorandum opinion and order to the defendant and to the counsel of record, who shall provide the same to the financial officer at the defendant's prison for further action in accordance herewith.

ENTER: February 25, 2021

John T. Copenhaver, Jr.
Senior United States District Judge